UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE BROWN,

                Plaintiff,

v.                                              Case No. 24-cv-339-pp

CO OFFICER and
NURSING STAFF, Second Shift,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5), DENYING AS MOOT PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO PAY FILING FEE (DKT. NOS. 12, 13) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Plaintiff Timothy Lee Brown, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that personnel at the jail had violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1. It also denies as moot his motions for extension of time to pay the case filing fee. Dkt. Nos. 12, 13.

I.    **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

1

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 23, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $23.50. Dkt. No. 10. The court received that fee on June 5, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

The plaintiff has filed two motions for extensions of time to pay the filing fee. Dkt. Nos. 12, 13. But the court has received from the plaintiff the *initial* partial filing fee that the court had ordered him to pay. The PLRA requires that the court collect the balance of the filing fee from the plaintiff's institution trust account, which the financial staff at his institution will deduct as required by the statute. See 28 U.S.C. §1915(b)(1). Currently, there is no deadline for the plaintiff to pay the balance of the filing fee. The court will deny as moot the plaintiff's motion motions for an extension of time.

The plaintiff's second motion for an extension of time to pay the filing fee also advised the court that it was sending his paperwork "to the wrong person on another pod." Dkt. No. 13 at 1. He asked the court to make sure that he receives his mail. Id. In his complaint, the plaintiff listed his address as 949 North 9th Street. Dkt. No. 1 at 1. The complaint advised the court that the plaintiff was at the Milwaukee County Jail. Id. at 2. It listed the plaintiff's name as "Timothy Lee Brown, 5-C-19." Id. at 1. The plaintiff listed his ID number as

2024000592-5-C-19. Id. at 1, 6. See also Dkt. No. 1-1 (the mailing envelope in which the court received the complaint). On April 23, 2024, the court mailed to the plaintiff an order requiring him to provide the court with his six-month trust account statement. Dkt. No. 7. The court mailed that order to Timothy Lee Brown, #2024000592, Milwaukee County Jail, 949 N. 9th St., Milwaukee, WI 53233—the address and register number on the complaint. On May 23, 2024, the court mailed to the plaintiff the order requiring him to pay the initial partial filing fee. Dkt. No. 10. Again, the court mailed that order to Timothy Lee Brown, #2024000592, Milwaukee County Jail, 949 N. 9th St., Milwaukee, WI 53233.

In his letter asking the court to make sure he receives his mail, the plaintiff did *not* include his address, although he included his register number (2024000592) and what the court assumes is his current pod/cell number—5-C-38. Dkt. No. 13 at 1. The cell number he included in this letter (which the court received July 17, 2024) is a different cell number than the plaintiff had provided in his complaint; the complaint listed 5-C-19, while the letter the court received on July 17, 2024 lists 5-C-38. But that should not matter—the court does not include pod or cell numbers when addressing mail it sends to incarcerated persons. It uses their register numbers—in this case, the plaintiff's register number of 2024000592—and the address of the institution. The court has used the plaintiff's correct register number and institution name on every piece of mail it has sent him. If the plaintiff is not receiving his mail, it is not because of the address the court has been using.

3

## II. Screening the Complaint

### a. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued "C.O. Officer" and "Nursing Staff 2nd shift" who allegedly work at the Milwaukee County Jail. Dkt. No. 1 at 1. The plaintiff alleges that when he arrived at the jail on January 10, 2024, an officer asked him to put his hand against the wall and as the plaintiff complied, his finger was poked on something sticking out from the wall. Id. at 2. The plaintiff states that when he arrived in his pod, his finger "began to swell up bad and started discharging bad." Id. at 2-3. The next, partial sentence says, "and when I arrive to my Pod 5_C_19 on 1-11-24 and on 1-12-24 between 1-13-24," id.; it is not clear whether the plaintiff is alleging that the swelling and the discharge continued for three days—from January 10 through January 13, 2024.

On the evening of either January 12 or January 13, 2024, the male nurse allegedly was called to the plaintiff's pod and the plaintiff told him about his finger being swollen, discharging and that it had begun to "get a bad smell

5

to it." Id. at 3. The plaintiff states that he told the male nurse that he needed to go to the hospital right away, but the nurse replied, "not tonight I will get someone to see you in the morning time." Id. The plaintiff alleges that when he stood up to go into his room as he was talking to the nurse, the "office C.O. hit me in my back & push[ed] me for no reason at all cost [sic] me to run into my cell and sla[m] the door so hard on my hand and broke my finger also fract[ured] my bone in my finger also cost [sic] my hand to set up a new blood clot and that's what lead up to me having a light stroke as well[.]" Id. at 3-4. The plaintiff allegedly did not see anyone the next morning. Id. at 3.

The plaintiff alleges that on February 12, 2024, nursing staff told him his finger was not infected or broken, and that he didn't have blood clots, but they were wrong. Id. at 4. The plaintiff says they told him they were sorry about that. Id.

The plaintiff also alleges that since he has been at the jail, he has begun to have blood in his urine and stool because "they stop my Ellicus[1] for my blood and then start back." Id. at 5.

For relief, the plaintiff seeks compensation for his pain and suffering. Id. at 5.

C. Analysis

The court assumes the plaintiff is a pretrial detainee because he is confined at the Milwaukee County Jail. A §1983 claim that a state pretrial

---

[1] The court believes the plaintiff means "Eliquis," a blood thinner used to reduce stroke risk and treat blood clots. https://www.eliquis.bmscustomer connect.com.

6

detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the relevant medical condition. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id. The plaintiff may proceed on Fourteenth Amendment claim against the defendant male nurse (sued as Nursing Staff Second Shift) who allegedly did not provide the plaintiff with medical attention for his infected finger on February 12 and 13, 2024.

The Fourteenth Amendment applies to excessive force claims brought by pre-conviction detainees and the standard is solely objective. Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley, 576 U.S. at 396-97. The plaintiff may proceed on a Fourteenth

7

Case 2:24-cv-00339-PP   Filed 07/23/24   Page 7 of 12   Document 14

Amendment claim against defendant CO officer who allegedly hit him and pushed him into his cell for no reason on February 12, 2024.

The plaintiff has not provided enough information to state a claim on his allegation that he has blood in his urine and stool because "they" stopped his blood medication and then started it back. He does not identify who stopped the medication—corrections officers? Nursing staff? HSU staff? He does not explain when the medication was stopped or when it was restarted. He does not explain why he believes stopping the Eliquis caused him to have blood in his stool and urine. The court will not allow him to proceed on an inadequate medical care claim regarding that issue.

Because the plaintiff does not know the names of the defendants he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the complaint. After Sheriff Ball's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball, his discovery requests must be limited to information or documents that will help him learn

the real names of the defendants he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is not required to respond to requests about any other topic.

After the plaintiff learns the names of the people he says violated his constitutional rights, he must file a motion to substitute their names for the John and Jane Doe placeholders. Once the plaintiff has notified the court of the defendants' names, the court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DENIES AS MOOT** the plaintiff's motions for extensions of time to pay filing fee. Dkt. Nos. 12, 13.

The court **DIRECTS** the Clerk of Court to add Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping the plaintiff identify the Doe defendants' names.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on Sheriff Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the complaint; however, she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing a notice of appearance in this case**. If the plaintiff does not identify the defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$326.50** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**