UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY LEE BROWN,

                Plaintiff,

v.                                                      Case No. 24-cv-339-pp

CO OFFICER
and NURSING STAFF,

                Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANTS (DKT. NO. 19) AND DIRECTING COUNSEL FOR SHERIFF BALL TO IDENTIFY DOE DEFENDANTS**

---

On July 23, 2024, the court screened the plaintiff's complaint and allowed him to proceed on a medical care claim against the defendant male nurse (sued as Nursing Staff Second Shift) who allegedly did not provide the plaintiff with medical attention for his infected finger on February 12 and 13, 2024. Dkt. No. 14 at 7. The court also allowed the plaintiff to proceed on an excessive force claim against defendant CO officer who allegedly hit him and pushed him into his cell on February 12, 2024. Id. at 7-8. The court added Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the name of the defendants. Id. at 8. The court explained that after Sheriff Ball's attorney filed an appearance in this case, the plaintiff could serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in his notice of appearance) to get information that would help him identify the names of the defendants. Id.

1

The plaintiff has filed a letter that has been docketed as a motion to substitute defendants. Dkt. No. 19. The letter is very difficult to read. As far as the court can tell, the letter says that an officer helped the plaintiff find out that a third shift nurse named Jeff was the one who took care of the plaintiff and sent him to the hospital the night he was injured. Id. at 1-2. The plaintiff says that "he" "will be able to give [the court] the names;" it is not clear whether "he" is the officer who helped the plaintiff or the nurse named Jeff. Id. at 1. The plaintiff also says something about whether the cameras were working in the jail; the court cannot determine whether he says the cameras *were* working or that they were *not* working. Id.

It is not clear whether the plaintiff wants to name Nurse Jeff as a defendant or whether he believes that Nurse Jeff can identify the officer and second shift nurse whom the plaintiff has sued. The court will deny as moot the "motion to substitute defendants."

The plaintiff does not say whether he contacted Sheriff Ball's attorney to ask Sheriff Ball the names of the Doe defendants, as the court previously directed him to do. But it appears that the plaintiff has tried to identify the names of the Doe defendants and he previously filed a letter stating that he was having difficulties identifying them. Dkt. No. 17. At this stage, the court will ask that counsel for Sheriff Ball identify the Doe defendants based on the information in the complaint, screening order and the plaintiff's November 15, 2024 letter. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The court **DENIES AS MOOT** the plaintiff's motion to substitute defendants. Dkt. No. 19.

The court **ORDERS** that counsel for Sheriff Ball must identify the Doe defendants or file a letter explaining why he cannot do so by the end of the day on **December 27, 2024**.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
